# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| IN RE GUANTANAMO BAY DETAINEE LITIGATION | ) ) ) ) | Misc. No. 12-mc-398 (RCL) |
| | ) | |
| SAEED MOHAMMED SALEH HATIM, *et al.*, | ) ) ) | |
| Petitioners | ) | |
| v. | ) | Civil No. 05-cv-1429 (RCL) |
| | ) | |
| BARACK H. OBAMA, *et al.* | ) ) | |
| Respondents | ) ) | |
| | ) | |
| FADHEL HUSSEIN SALEH HENTIF, *et al.*, | ) ) ) | |
| Petitioners | ) | |
| v. | ) | Civil No. 06-cv-1766 (RCL) |
| | ) | |
| BARACK H. OBAMA, *et al.* | ) ) | |
| Respondents | ) ) | |
| | ) | |
| ABDURRAHMAN ABDALLAH ALI MAHMOUD AL SHUBATI, *et al.*, | ) ) ) | |
| Petitioners | ) | |
| v. | ) | Civil No. 07-cv-2338 (RCL) |
| | ) | |
| BARACK H. OBAMA, *et al.* | ) ) | |
| Respondents | ) ) | |

## <u>ORDER</u>

Before the Court is an Emergency Motion [37] to Enforce the Right of Access to Counsel

filed by petitioners Abdurrahman Abdallah Ali Mahmoud al Shubati (ISN 224) and Fadhel

Hussein Saleh Hentif (ISN 259). Also before the Court is an Emergency Motion [38]

Concerning Access to Counsel filed by petitioner Saeed Mohammed Saleh Hatim (ISN 255) on

his own behalf and on behalf of several other Guantanamo detainees.  Upon consideration of petitioners' Motions [37 and 38], the government's Opposition [42], petitioners' replies [44 and 45], the arguments presented at this Court's open and sealed hearings held June 5, 2013, the entire record herein, the applicable law, and for the reasons set forth in the Court's Memorandum Opinion issued this date, it is hereby

**ORDERED** that the Motions are GRANTED in part and DENIED in part; and it is further

**ORDERED** that the Protective Order issued by Judge Hogan on September 11, 2008, shall be amended by adding the following as paragraph II.J.39:

"Detainees shall be subject to search prior to and after any in-person meeting or phone call with counsel.  The search procedure used by JTF-Guantanamo for all searches prior to or after any in-person meetings or phone calls with counsel shall be the modified search procedure identified by Admiral Walsh on page 25 of the Review of Department Compliance with President's Executive Order on Detainee Conditions of Confinement.  Specifically, guards shall be limited to grasping the waistband of the detainee's trousers and shaking the pants to dislodge any contraband."

It is further **ORDERED** that paragraph II.C.11.b[1] of the Protective Order issued by Judge Hogan on September 11, 2008, shall be amended to read as follows:

"By default, legal visits for any detainee (1) who is in a weakened physical state on account of participation in a hunger strike or (2) who has any medical condition that makes travel outside the housing camp difficult, shall take place in meeting rooms within the detainee's housing camp.  The Court understands that one such meeting room is available in Camp 5 and

---

[1] In the published version of Judge Hogan's Protective Order, paragraph II.C.11 has two sub-paragraphs designated "a."  As this citation is to the second of those sub-paragraphs, the Court corrects the typographical error in its citation for purposes of clarity.

two are available in Camp 6.  Access to meetings in these rooms shall be apportioned fairly.  If detainees request more legal visits on a given day than the meeting rooms in the housing camps may accommodate, the additional legal visits shall take place in other rooms designated by JTF-Guantanamo.  Legal visits for detainees who do not meet the requirements set forth in the first sentence of this paragraph shall take place in a room designated by JTF-Guantanamo.  No more than two attorneys (or one attorney and one assistant) plus one interpreter/translator shall visit with a detainee at one time, unless approved in advance by the Commander, JTF-Guantanamo.  Such approval shall not be unreasonably withheld."

It is further **ORDERED** that paragraph II.J.37 of the Protective Order issued by Judge Hogan on September 11, 2008, shall be amended to read as follows:

"Counsel will meet with detainees in conference facilities provided by GTMO in accordance with paragraph II.C.11.b of this Protective Order.  These facilities are subject to visual monitoring by closed circuit TV for safety and security reasons.  The only other method of visual observation available is for the door to remain open with military police sitting outside the door.  No oral communications between counsel and the detainees will be heard."

It is further **ORDERED** that, for any travel between the detainee's housing camp and another part of the Guantanamo detention facility for any in-person meeting with or phone call with counsel, JTF-Guantanamo shall, at the detainee's request, transport the detainee in a vehicle that allows the detainee to sit upright.

**SO ORDERED.**

**Signed by Royce C. Lamberth, Chief Judge, on July 11, 2013.**